Fred A. BAKER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7675.

Court of Appeals of Alaska.

Aug. 24, 2001.

Douglas O. Moody, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

Fred A. Baker was convicted of felony refusal to submit to a breath test and felony driving while intoxicated (DWI), both class C felonies.[1] Baker was a third felony offender for purposes of presumptive sentencing, so he faced a three-year presumptive term of imprisonment for each offense.[2] In addition, because Baker had two prior DWI convictions, he faced a 120–day minimum sentence for each offense.[3] Superior Court Judge Jonathan H. Link sentenced Baker to the three-year presumptive term for each offense.

This appeal requires us to interpret a portion of the breath test refusal statute, AS 28.35.032(p)(5), which states that "the sentence imposed by the court under this subsection shall run consecutively with any other sentence of imprisonment imposed on the person." Judge Link interpreted this provision to mean that Baker's sentence for breath test refusal had to run consecutively to his sentence for DWI—and, accordingly, he sentenced Baker to consecutive three-year terms, for a composite six years of imprisonment.

Baker contends that the phrase "shall run consecutively" applies only to the mandatory minimum sentences specified in the breath test refusal statute. In Baker's case, the applicable mandatory minimum sentence was 120 days. Baker concedes that Judge Link was obliged to impose 120 days of the breath test refusal sentence consecutively to the DWI sentence, but Baker argues that Judge Link had the authority to order concurrent sentencing with respect to the remainder of the breath test refusal sentence. We agree.

 "The guiding principle of statutory construction is to ascertain and implement the intent of the legislature."[4] Here, the

1. AS 28.35.030(a)(1) or (2); AS 28.35.032(a), (p).

2. AS 12.55.125(e)(2).

3. AS 28.35.030(n)(1)(A)(DWI); AS 28.35.032(p)(1)(A) (breath test refusal).

4. *Millman v. State*, 841 P.2d 190, 194 (Alaska App.1992).

question is to ascertain the legislature's intent when it declared in AS 28.35.032(p)(5) that "the sentence imposed ... under this subsection shall run consecutively with any other sentence of imprisonment."

Based on a reading of AS 28.35.032(p), the reference to "this subsection" appears to be ambiguous. Clearly, "this subsection" does not refer to paragraph (5) itself, for paragraph (5) does not specify any sentences. Rather, the phrase "this subsection" must therefore refer to subsection (p) as a whole. But what did the legislature mean when it referred to "the sentence[s] imposed ... under" subsection (p)? The state argues that this language refers to any sentence imposed on a defendant convicted of felony breath test refusal. Baker, on the other hand, argues that this language refers to the various mandatory minimum sentences specified in AS 28.35.032(p)(1).[5]

To resolve this question, we have examined the 1982 enactment that is the source of the questioned language. In 1982, the Alaska Legislature decided to make breath test refusal a separate crime. This new crime carried the same penalties as DWI, so that (theoretically, at least) an arrested motorist would have little incentive to refuse to take the breath test.[6]

The result was chapter 117, section 17, of the 1982 session laws. This session law added subsections (f) through (i) to the breath test refusal statute, AS 28.35.032. Subsection (f) declared simply that "[r]efusal to submit to the chemical test of breath authorized by AS 28.35.031 is a class A misdemeanor." The next subsection, (g), specified a series of mandatory minimum sentences for this new crime:

(g) Upon conviction of a person under this section, the court shall impose a minimum sentence of imprisonment of not less than 72 consecutive hours. Upon a subsequent conviction within five years after a conviction under this section or [a conviction for] driving while intoxicated in this or any other state, the court shall impose a minimum sentence of imprisonment of not less than 10 consecutive days unless the subsequent conviction is within one year of the previous conviction, in which case the court shall impose a minimum sentence of imprisonment of not less than 20 consecutive days.... *The sentence imposed by the court under this subsection shall run consecutively with any other sentence of imprisonment imposed on the committed person.*[7]

In this, its original form, the meaning of "sentence imposed ... under this subsection" is much clearer. With regard to the phrase "under this subsection," the only possible reference is to subsection (g) itself. And the sole function of subsection (g) was to specify a series of mandatory minimum sentences. Thus, when the legislature declared that a "sentence imposed ... under this subsection shall run consecutively with any other sentence," the clear reference is to the mandatory minimum sentences set out in subsection (g).

Since 1982, the legislature has increased the mandatory minimum sentences for misdemeanor breath test refusal[8] and it has enacted felony penalties for certain repeat offenders.[9] But although the misdemeanor and the felony provisions of the statute have been amended, and the mandatory minimum sentences increased, both subsections still carry forward the language from 1982—the declaration that a "sentence imposed ... un-

---

**5.** Alaska Statute 28.35.032(p) reads, in part: "A person is guilty of a class C felony if the person is convicted [of breath test refusal] and has been previously convicted [of DWI or breath test refusal] two or more times within the five years preceding the date of the present offense.... Upon conviction,

(1) the court shall impose a fine of not less than $5,000 and a minimum sentence of imprisonment of not less than
(A) 120 days if the person has been previously convicted twice;

(B) 240 days if the person has been previously convicted three times;
(C) 360 days if the person has been previously convicted four or more times[.]

**6.** *See* Committee Minutes, House Finance Committee Hearing on SB 611 (April 21, 1982).

**7.** Emphasis added.

**8.** AS 28.35.032(g).

**9.** AS 28.35.032(p).

der this subsection shall run consecutively with any other sentence."

 In 1982, this language referred to the mandatory minimum sentences spelled out in the newly-enacted subsection (g). Even though AS 28.35.032 has been amended several times since then, there is no indication that the legislature ever intended to alter the meaning of this language. We conclude that the language concerning a "sentence imposed ... under this subsection" still refers to the mandatory minimum sentences now specified in AS 28.35.032(g)(1) and (p)(1).

Because Baker was subject to a 120–day mandatory minimum sentence for breath test refusal, Judge Link was obliged under AS 28.35.032(p)(5) to impose 120 days of Baker's breath test refusal sentence consecutively to Baker's DWI sentence. However, with respect to the remaining 2 years, 245 days of Baker's breath test refusal sentence, Judge Link had the discretion to impose all or a portion of this remainder concurrently with the DWI sentence.

Accordingly, we VACATE Baker's breath test refusal sentence and we direct the superior court to resentence Baker in accordance with this opinion.